IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Felisia Dillard, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:17-cv-0319-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| Commissioner, Social Security Admin., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Ms. Felisia Dillard, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security (Commissioner), denying her claims for disability and disability benefits and supplemental security income. This matter is before the Court for review of the Report and Recommendation (the Report) filed on June 19, 2018, by United States Magistrate Judge Mary Gordon Baker, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). ECF No. 16. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. The Plaintiff filed Objections to the Report, to which the Commissioner replied. ECF Nos. 17, 18. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other relevant filings. In her objections, Plaintiff argues that the Administrative Law Judge (ALJ) failed to support her finding that Plaintiff's asserted disability was "non-severe." However, the ALJ supports her decision in detail, noting that the records reflects her asserted disability was managed with medication or resolving, and that treatment notes indicate no significant abnormal status findings. ECF No. 10-2 at 16–17. Plaintiff also objects that the ALJ failed to support her decisions to discount the medical opinion of Dr. Hyson. However, after reviewing the record and the Report, the Court concludes that the ALJ supported her decision to give "no weight" to the statement by the primary care provider with sufficient evidence supporting that conclusion, specifically that any limitation was temporary.

For these reasons and those stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 16, is **ACCEPTED**, and Plaintiff's Objections, ECF No. 17, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

                                                          *s/ Terry L. Wooten*
                                                          TERRY L. WOOTEN
                                                          Chief United States District Judge

September 18, 2018
Columbia, South Carolina